RECEIVED
ASHEVILLE, N.C.
JUN 14 1999
Clerk, U. S. Dist. Court
W. Dist. of N. C.

FILED
CHARLOTTE, N. C.
JUN 10 1999
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

NO. 1:99CV105-C

LISA BALDWIN

    Plaintiff,

v.

INDEPENDENT OPPORTUNITIES OF
NORTH CAROLINA, INC.

    Defendant.

## NOTICE OF REMOVAL OF A CIVIL ACTION FROM THE SUPERIOR COURT DIVISION OF BUNCOMBE COUNTY, NORTH CAROLINA TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Independent Opportunities of North Carolina, Inc. respectfully shows the Court as follows:

1. A civil action, designated 99-CVS-1966, has been brought and is now pending in the Superior Court Division of Buncombe County, North Carolina, in which Lisa Baldwin is plaintiff and Independent Opportunities of North Carolina, Inc. is defendant.

2. Civil action 99-CVS-1966 was commenced on April 21, 1999 by the filing of a Summons and Complaint and copies of the Summons and Complaint were received by defendant on May 11, 1999. Copies of the Summons and Complaint are attached and are incorporated by reference.

3. Civil action 99-CVS-1966 is one over which the District Court of the United States has original jurisdiction pursuant to 28 United States Code § 1331 and is one that may be removed to this Court pursuant to 28 United States Code § 1441, et seq.

4. Defendant hereby gives notice of removal of this action to this court upon the grounds and for the reasons set forth herein.

5. This notice of removal is being filed within thirty days of the receipt of a copy of the Summons and Complaint by the defendant.

WHEREFORE, Independent Opportunities of North Carolina, Inc. prays that this cause proceed in this Court as an action properly removed thereto.

This the 10 day of June, 1999.

_____
H. Landis Wade, Jr.
State Bar No.: 11134

SMITH HELMS MULLISS & MOORE, L.L.P.
201 North Tryon Street
Post Office Box 31247
Charlotte, North Carolina 28231
Telephone: (704) 343-2000
Attorneys for Defendant

2

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Notice of Removal of a Civil Action from the Superior Court Division of Buncombe County, North Carolina to the United States District Court for the Western District of North Carolina has been duly served upon plaintiff by depositing a copy thereof in the United States mail, first-class, postage prepaid, addressed to the following counsel of record:

>   Allan P. Root
>   Root & Root, P.L.L.C.
>   Post Office Box 747
>   Weaverville, North Carolina 28787

This the 10 day of June, 1999.

_____
H. Landis Wade, Jr.

| STATE OF NORTH CAROLINA | File No. 99CV 01966 |
|---|---|
| Buncombe County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |
| Name Of Plaintiff<br>Lisa Baldwin | |
| Address | |
| City, State, Zip | **CIVIL SUMMONS** |
| VERSUS | |
| Name Of Defendant(s)<br>Independent Opportunities of North Carolina, Inc. | ☐ Alias and Pluries Summons    G.S. 1A-1, Rule 3, 4 |
| | Date Last Summons Issued |

To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Independent Opportunities of<br>North Carolina, Inc.<br>c/o Belinda Tiller, Registered Agent<br>1230 E. Academy Street, Suite 218<br>Fuquay Varina, NC 27526 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name and Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Allan P. Root<br>P.O. Box 747<br>Weaverville, N.C. 28787 | 4/21/99 | 2:15 ☐ AM ☒ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT | Date Issued | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

AOC CV-100
Rev. 6/95

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

LISA BALDWIN,

        Plaintiff,

v.

INDEPENDENT OPPORTUNITIES OF
NORTH CAROLINA, INC.

        Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

**99CV 01966**

COMPLAINT

(Sexual Harassment and Discrimination
Retaliatory Discharge)

(Jury Requested)

FILED
99 APR 26 PH 2: 15
BUNCOMBE COUNTY C.S.C.

Plaintiff, complaining of Defendant, alleges and says as follows:

1. Plaintiff, a female, is a citizen and resident of Buncombe County, North Carolina.

2. Defendant is a corporation organized under the laws of the State of North Carolina and doing business in Buncombe County, North Carolina.

3. The Plaintiff was hired as an employee of Defendant on or about February 17, 1997.

4. Throughout Plaintiff's employment by Defendant, Plaintiff was subjected to a work environment hostile to females. Despite Plaintiff's complaints, Plaintiff's direct supervisor, David Piper, and other employees were allowed to constantly verbally degrade the ability of women to work competently and to question whether women deserved a place in the workplace.

5. Plaintiff and others complained many times to high supervisory officials of Plaintiff concerning the conduct of Piper and the hostility toward women fostered in Defendant's operation in Buncombe County, as well as the hostility toward blacks and gays shown by Piper. For many months, Plaintiff's complaints were not acted upon.

6. In September 1998 Piper told Plaintiff that and others that he was resigning his employment with Defendant effective in October 1998, and that he would provide consulting services to Defendant through January 1999

7. Upon information and belief, Defendant required Piper to resign due to Plaintiff's complaints about Piper.

8. On or about October 6, 1998 Plaintiff had a telephone conversation with Steven Ramey, Executive Director of Operations for Defendant. Ramey told Plaintiff that Piper was having to leave Defendant because of Plaintiff's complaints against Piper, and Ramey suggested that Plaintiff recant her prior complaints concerning Piper. When Plaintiff said she would not, Ramey told Plaintiff to shut up, Ramey told Plaintiff that she was a liar, and Ramey told Plaintiff that Ramey would make sure that Plaintiff would never work as a professional again. Ramey said that he was coming to Asheville "to take out the garbage."

9. On or about October 14, 1998 Steven Ramey came to Buncombe County and fired Plaintiff in retaliation for her complaints about the hostile work environment in Defendant's place of employment, and in retaliation for her complaints about the harassing conduct of David Piper.

10. On or about October 19, 1998, Plaintiff filed a charge of sex discrimination and retaliatory discharge, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) with the Equal Employment Opportunity Commission. Such charge was filed within one hundred eighty (180) days after the alleged unlawful practice occurred. On or about January 21, 1999, within ninety days of the filing of this Complaint, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue with respect to such charges of discrimination.

## FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT AND SEXUAL DISCRIMINATION

11. The factual allegations of paragraphs one through ten are incorporated herein by reference.

12. The conduct of Defendant and its agents Piper and Ramey described above constitute sexual harassment and sexual discrimination done in violation of 42 U.S.C. § 2000e, et seq.

13. Due to the aforesaid conduct of Defendant and its agents, Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

14. Defendant's actions were done maliciously, willfully and wantonly, and in a manner demonstrating reckless disregard for Plaintiff's rights. As a result of said conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

## SECOND CAUSE OF ACTION
## RETALIATORY DISCHARGE

15. The factual allegations of paragraphs one through fourteen are incorporated herein by reference.

2

16. The firing of Plaintiff described above was done in retaliation for Plaintiff engaging in the protected activity of complaining to her employer that she was being subjected to sexual harassment and discrimination by her supervisor, and was thus illegal pursuant to 42 U.S.C. § 2000e, et seq.

17. Due to the aforesaid conduct of Defendant and its agents, Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

18. Defendant's actions were done maliciously, willfully and wantonly, and in a manner demonstrating reckless disregard for Plaintiff's rights. As a result of said conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

WHEREFORE, Plaintiff prays judgment of this Court as follows:

1. Declare the actions complained of herein illegal, and issue an injunction enjoining Defendant from continuing employment practices based upon discrimination on the basis of sex and retaliation against employees complaining of sexual harassment, discrimination and retaliation, and requiring Defendant to purge its personnel records of Plaintiff's termination.

2. Award Plaintiff her lost earnings, including all back pay, front pay, fringe benefits and other benefits to which she is entitled, along with interest thereon.

3. After jury trial, award Plaintiff compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00) and punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

4. Award Plaintiff her costs, expenses and reasonable counsel fees.

5. Grant such other and further relief as the Court may deem just and proper.

This the 21st day of April 1999.

ROOT & ROOT, P.L.L.C.

By: *Allan P. Root* (signature)

Allan P. Root
Attorneys for Plaintiff
Post Office Box 747
Weaverville, North Carolina 28787-0747
(828) 645-7080

3